# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JESUS SIERRA TORO,<br>Defendant. | CRIMINAL NO. 25-120 (FAB) |



## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**



The United States of America, Defendant, Jesus Sierra Toro, and Defendant's counsel, Osvaldo Carlo Linares, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Information:

Count One:

Beginning in approximately April 2020 and lasting until at approximately January 2022, the exact dates being unknown, in the District of Puerto Rico, and elsewhere, defendant: JESUS SIERRA TORO and others did knowingly and intentionally combine, conspire, confederate and agree to devise a scheme and artifice to defraud and to obtain money and property from the United States Small Business Administration and Bank 1, by means of false and fraudulent pretenses, representations and promises; and for the purpose of executing the scheme and

artifice, transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, *United States Code*, § 1343.

## 2. Maximum Penalties



Count One: The maximum statutory penalty for the offenses charged in Count One of the Information, is a term of imprisonment of 30 years and a fine not to exceed $1 million dollars pursuant to 18 U.S.C. § 1343 and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

For purposes of this Plea Agreement, the parties agree that Defendant will be held accountable under 18 U.S.C. § 1343 for wire fraud that (a) does not affect a financial institution or (b) occur in relation to, or involve any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency, which carries a maximum statutory penalty of not more than 20 years' imprisonment, a fine of not more than $250,000, and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further,

Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.



### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C.

§ 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.



| SENTENCING GUIDELINES CALCULATIONS<br>Count One<br>18 U.S.C. §1343 and 1349 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2B1.1(a)(1) | 7 |
| Loss amount greater than $250,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(G) | +12 |
| Counts group pursuant to §§ 3D1.2(d) – offense level corresponds to aggregated loss amount | |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| "Zero-Point Offender" under § 4C1.1 (if qualified) | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | 14 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 15–21 | 18–24 | 21–27 | 27–33 | 33–41 | 37–46 |

8. **Sentence Recommendation**

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment within the applicable Guidelines range at a total offense level of 16 when combined with the criminal history category determined by the Court. If the Court determines that Defendant qualifies for a 2-point downward adjustment pursuant to § 4C1.1, the parties agree to request a sentence of imprisonment within the applicable Guidelines range at a total offense level of 14.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

9. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

10. **Waiver of Appeal**



Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this

Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **Satisfaction with Counsel**

Defendant is satisfied with counsel, Osvaldo Carlo Linares, Esq., and asserts that counsel has rendered effective legal assistance.

13. **Rights Surrendered by Defendant Through Guilty Plea**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to

cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.



15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

**17. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**18. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.



**19. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**20. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant

hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.


*JST*

### 22. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over all property, real or personal, which constitutes or is derived from proceeds traceable to the offense of conviction, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), including the following specific property:

- All right, title, and interest in 501 Calle Elisa Colberg Cond Baldorioty Gardens Apt 3-B, San Juan, PR 00907-2607, together with all improvements and appurtenances; and
- All right, title, and interest in [*Property located at JST*] Carr 181 Km 2.2 Bo Quemados, San Lorenzo, PR 00754, together with all improvements and appurtenances. *AVO*

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to

which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.

The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. Stephen Muldrow
United States Attorney

_____
Myriam Y. Fernández-González
Assistant U.S. Attorney
Chief, Asset Recovery & Money
Laundering Division

2/7/2025
Date

_____
Daniel J. Olinghouse
Assistant U.S. Attorney

2/26/25
Date

_____
Osvaldo Carlo Linares, Esq.
Counsel for Defendant

03/12/2025
Date

_____
Jesus Sierra Toro
Defendant

03/12/2025
Date

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 03/12/2025

_____
Jesus Sierra Toro
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 03/12/2025

_____
Osvaldo Carlo Linares
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Jesus Sierra Toro admits that Defendant is guilty as charged in the Information and admits the following:

Beginning in approximately April 2020 and lasting until at approximately January 2022, the exact dates being unknown, in the District of Puerto Rico, and elsewhere, defendant JESUS SIERRA TORO and others did knowingly and intentionally combine, conspire, confederate and agree to devise a scheme and artifice to defraud and to obtain money and property from the United States Small Business Administration, by means of false and fraudulent pretenses, representations and promises; and for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, *United States Code*, § 1343.



The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in 2020 that was designed to provide emergency financial assistance to Americans suffering the economic effects caused by the COVID-19 pandemic. One form of assistance provided by the CARES Act was the authorization of United States taxpayer funds in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

To obtain a PPP loan a qualifying business was required to submit an application signed by an authorized representative of the business. The application required the small business to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the loan. In the application, the small business was required to provide, among other things, its average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.



Loan applications were processed by participating financial institutions. If an application was approved, the participating lender funded the loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in processing the loan.

PPP loan proceeds could only be used by the business on certain permissible expenses, such as payroll costs, interest on mortgages, rent and utilities. The PPP allowed the interest and principal on the loan to be entirely forgiven if the business spent the loan proceeds on the allowable expenses within a designated period of time and used a certain percentage of the loan proceeds for payroll expenses.

Specifically, on or about the dates set forth below, Defendant for the purpose of executing the scheme and artifice to defraud, and attempting to do so, transmitted,

and caused to be transmitted, writings, signs, signals, pictures, and sounds by means of wire communications in interstate commerce, as described below, to the SBA in relation to fraudulent applications for COVID-19 relief funds for himself and business entities he controlled:



| Applicant | Date of Wire Transmission | Amount | Status |
|---|---|---|---|
| Jesus Sierra Toro | July 27, 2020 | $20,800.00 | Forgiven |
| Jesus Sierra Toro | January 21, 2021 | $20,800.00 | Forgiven |
| Outsourcing Group LLC | March 9, 2021 | $147,708.00 | Forgiven |
| Outsourcing Group Services Corp. | April 14, 2021 | $147,083.00 | Forgiven |
| Outsourcing Group LLC | May 17, 2021 | $147,708.00 | Forgiven |
| **Total** | | **$484,099** | |

The above-referenced personal PPP loan applications in Defendant's name contained materially false and fraudulent information and supporting documentation, including an Internal Revenue Service form 1040PR and Puerto Rico Department of Treasury Form 480.6 showing $109,000 in personal income for services rendered for tax year 2019.

The above-referenced corporate PPP loan applications for Outsourcing Group, LLC contained a fraudulent Puerto Rico Department of Treasury Form 499-

R reporting wages of $709,000 for tax year 2019 and fictitious payroll registers showing wages paid to persons who were not employed by the corporation.

The above-referenced corporate PPP loan application for Outsourcing Services Group Corp. contained a fraudulent Puerto Rico Department of Treasury Form 499-R reporting wages of $706,000 for tax year 2019 and fictitious payroll registers showing wages paid to persons who were not employed by the corporation.

Such applications and documentation contained false statements and false representations regarding 2019 income and false certifications that the loans would be used for permissible business purposes.

After receiving the personal PPP loans, Defendant provided to a leader of the scheme two cash kickbacks of $5,000. After receiving the corporate PPP loans, Defendant provided to a leader of the scheme two cash kickbacks of $25,000.

For purposes of this Plea Agreement, the parties agree that Defendant's fraudulent conduct (a) did not affect a financial institution or (b) occur in relation to, or involve any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency, as defined for purposes of 18 U.S.C. § 1343.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant Jesus Sierra Toro is guilty as charged in Count One of the Information. Discovery was timely made available to Defendant for review.

_____
Daniel J. Olinghouse
Assistant U.S. Attorney

_____
Osvaldo Carlo Linares, Esq.
Counsel for Defendant
03/12/2025
Date

_____
Jesus Sierra Toro
Defendant
03/12/2025
Date